# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| BENNETT CHOATE | * | CIVIL ACTION NO. 16-1370 |
| --- | --- | --- |
| VERSUS | * | JUDGE DOHERTY |
| CITY OF ABBEVILLE | * | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss Penalty, Punitive or Exemplary Damages [rec. doc. 9] filed by the City of Abbeville. By this Motion, the City of Abbeville seeks to dismiss plaintiff's claims for punitive damages. The Motion been referred to the undersigned for report and recommendation. [rec. doc. 11].

For the following reasons, it is recommended that the Motion to Dismiss [rec. doc. 9] be **GRANTED**, and accordingly, plaintiff's claim for punitive damages asserted under Louisiana state law, and plaintiff's claim for punitive damages under federal law against the City of Abbeville should be **Dismissed.**

## STATEMENT OF CLAIM

Before the court is a civil rights action filed by plaintiff Bennett Choate. In his Complaint, plaintiff names the City of Abbeville as the sole defendant. Plaintiffs alleges that his Fourth and Fourteenth Amendment rights were violated when he was arrested by an unnamed City of Abbeville police officer. Plaintiffs asserts claims pursuant to 42

U.S.C. § 1983 and Louisiana state law. In paragraphs 17 and his Prayer for Relief, plaintiff prays for an award of punitive damages. [*See* rec. doc. 1, ¶ 17 and Prayer for Relief].

## LAW AND ANALYSIS

The Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981). Thus, any claim seeking recovery of punitive damages against the City of Abbeville under federal law should be dismissed as a matter of law.

To the extent that plaintiff seeks an award of punitive damages on his claims asserted under Louisiana state law, the defendant's Motion to Strike should be granted. It is well settled Louisiana law that punitive damages are not allowed in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered. *See International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988). Nowhere in the pleadings does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts against the City of Abbeville. Accordingly, the Court should dismiss plaintiff's claim for punitive damages under Louisiana state law.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 17th day of April, 2017, at Lafayette, Louisiana.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**